UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LANITA ROBINSON,

                               CASE NO. 2:09-CV-10341
        Plaintiff,        JUDGE JOHN FEIKENS
                               MAGISTRATE JUDGE PAUL J. KOMIVES

v.

ALLSTATE INSURANCE COMPANY,

        Defendant,

_____/

## ORDER GRANTING IN PART PLAINTIFF'S FEBRUARY 8, 2010 MOTION TO QUASH SUBPOENA, ENTER PROTECTIVE ORDER AND IMPOSE SANCTIONS
### (Doc. Ent. 35)

**A.    Plaintiff's lawsuit concerns attendant care expenses.[1]**

Plaintiff Lanita Robinson, as guardian of Vanden Robinson, filed this lawsuit against defendant Allstate Insurance Company in Oakland County Circuit Court on January 7, 2009. Doc. Ent. 1 at 8-12. Plaintiff's complaint concerns, among other things, attendant care expenses. Doc. Ent. 1 at 9-10 ¶¶ 8-9.

Plaintiff contends that "an actual controversy exists as to the responsibilities of Defendant ALLSTATE INSURANCE COMPANY to pay No-Fault benefits to Plaintiff as a result of injuries suffered by Plaintiff in the automobile accident of April 15, 1997." Doc. Ent. 1

---

[1]"Under the no-fault act, which allows recovery of 'all reasonable charges incurred for reasonably necessary ... services ... for an injured person's care,' [Mich. Comp. Laws §] 500.3107(1)(a), recovery of damages is permitted for attendant care services provided, at no actual charge, by family members." *Salman v. Akhdar*, 2009 WL 5194524, 5 (Mich.App. 2009) (citing *Bonkowski v. Allstate Ins. Co.*, 281 Mich.App. 154, 164, 761 N.W.2d 784 (2008); *Booth v. Auto-Owners Ins. Co.*, 224 Mich.App. 724, 727-730, 569 N.W.2d 903 (1997)). *See also Tonowski ex rel. Tonowski v. Rihawi*, No. 249972, 2005 WL 562685, *5 (Mich. App. 2005).

at 10 ¶ 10. According to plaintiff, "resolution of this dispute is impossible without a declaratory judgment by this Honorable Court interpreting the parties' rights and responsibilities pursuant to the No-Fault Act." Doc. Ent. 1 at 10 ¶ 11.

Defendant removed the lawsuit to this Court on January 29, 2009 pursuant to 28 U.S.C. § 1332 ("Diversity of citizenship; amount in controversy; costs"). Doc. Ent. 1 at 2 ¶ 3. Defendant filed its answers and affirmative defenses on the same day. Doc. Ent. 2.[2]

**B.      On March 9, 2010, Judge Feikens affirmed my December 18, 2009 order which required plaintiff to produce calendars and other documents she created.**

On August 20, 2009, plaintiff was deposed. Doc. Ent. 17-7, Doc. Ent. 38-3. During her deposition, plaintiff was asked "[w]hat would [she] need if [defense counsel] were to ask [her] to determine if th[e] submission from January 2008 [wa]s accurate? What would [plaintiff] need to do to determine that?" Plaintiff responded, "I would have to look at my other calendars that they [plaintiff's counsel] have." Doc. Ent. 17-7 at 19 (p.73), Doc. Ent. 38-3 at 4 (p.73).

On December 3, 2009, defendant filed a motion to compel production of calendars and other documents created by plaintiff. Doc. Ent. 17. On December 18, 2009, I entered an order granting defendant's motion to compel (Doc. Ent. 17) and setting discovery and dispositive motion deadlines. Doc. Ent. 22. In fact, my December 18, 2009 order specifically stated:

> Plaintiff's blanket objection on the basis of attorney-client privilege is overruled, because defendant has shown that the written material underlies the calenders submitted by counsel. Therefore, plaintiff is compelled to produce any and all calendars and other documents, for the period January 2008 to present, created by Plaintiff that detail the attendant care benefits allegedly provided. In so doing, plaintiff's counsel has the right to prepare and serve upon defense counsel a Fed.

---

[2]On February 5, 2009, Judge Feikens referred this case to me to conduct pretrial matters. Doc. Ent. 6.

2

R. Civ. P. 26(b)(5) privilege log which explains items withheld or redacted on the basis of privilege.

Doc. Ent. 22 at 4. My order specifically provided:

> . . . defendant's motion to compel production of calendars and other documents created by plaintiff (Doc. Ent. 17) is GRANTED. Plaintiff is compelled to produce any and all calendars and other documents, for the period January 2008 to present, created by Plaintiff that detail the attendant care benefits allegedly provided. This production may be accompanied by a Fed. R. Civ. P. 26(b)(5) privilege log. Furthermore, plaintiff shall produce these materials within twenty-one (21) days of the date of this order, unless an appeal of this order is filed, in which case the requirement that plaintiff produce these documents shall be stayed pending Judge Feikens's resolution of the appeal.

Doc. Ent. 22 at 5.

Plaintiff filed an objection to this order on December 29, 2009. Doc. Ent. 24. On January 8, 2010, defendant filed a response to plaintiff's objections. Doc. Ent. 26. On January 29, 2010, defendant filed a supplemental response. Doc. Ent. 32.

On March 9, 2010, Judge Feikens entered an order (Doc. Ent. 40) affirming my order (Doc. Ent. 22) granting defendant's motion to compel (Doc. Ent. 17) and setting discovery and dispositive motion deadlines. Judge Feikens also overruled plaintiff's December 29, 2009 objections (Doc. Ent. 24). Doc. Ent. 40.[3]

## C. Plaintiff's February 8, 2010 Motion to Quash Subpoena, Enter Protective Order and Impose Sanctions

On February 5, 2010, plaintiff filed objections to the subpoena to, notice of deposition and notice of deposition, *duces tecum* of, Susan J. Thomas. Doc. Ent. 34. Three days later, on February 8, 2010, plaintiff filed a motion to quash subpoena, enter protective order and impose

---

[3]Pursuant to Judge Feikens's order, the discovery deadline is June 8, 2010 and the dispositive motion deadline is July 8, 2010. *See* Doc. Ent. 40.

sanctions. Doc. Ent. 35. Specifically, plaintiff seeks an order quashing the subpoena *duces tecum* for the deposition of attorney Susan Thomas, entering a protective order prohibiting defendant from "engaging in abusive discovery practices that are contrary to the Michigan No Fault Automobile Insurance Act [MNFAIA]," and entering an order "sanctioning Defendant for issuing a subpoena that serves no legitimate purpose." Doc. Ent. 35 at 1, 22.[4]

A hearing on this motion was noticed for May 10, 2010.[5] Defendant filed a response. Doc. Ent. 38.[6] Plaintiff filed a reply (Doc. Ent. 39).

On the date set for hearing, attorneys Arthur Y. Liss, John A. Dominic and Nicolas A. Vesprini appeared in my courtroom.

**D.      Applicable Law**

**1.      Fed. R. Civ. P. 26(c)**

Fed. R. Civ. P. 26(c) concerns protective orders. It provides:

(1) In General. A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending--or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

---

[4] Attached to plaintiff's motion are McKinsey documents (Doc. Ent. 35-3) and a May 1, 2006 *BusinessWeek* article entitled, "In Tough Hands At Allstate" by Michael Orey (Doc. Ent. 35-4)

[5] A hearing on this motion was originally noticed for March 12, 2010. Doc. Ent. 37. However, it was later renoticed for May 10, 2010. Doc. Ent. 47.

[6] Attached to defendant's response are (A) excerpts of the August 20, 2009 deposition of Lanita Robinson (Doc. Ent. 38-3); (B) a December 8, 2008 cover letter from Susan J. Thomas to Patrice Parker of Allstate Insurance Company regarding attendant care (Doc. Ent. 38-4); and (C) a copy of the Court's December 18, 2009 order (Doc. Ent. 38-5).

(A) forbidding the disclosure or discovery;
(B) specifying terms, including time and place, for the disclosure or discovery;
(C) prescribing a discovery method other than the one selected by the party seeking discovery;
(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
(E) designating the persons who may be present while the discovery is conducted;
(F) requiring that a deposition be sealed and opened only on court order;
(G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and
(H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

(2) Ordering Discovery. If a motion for a protective order is wholly or partly denied, the court may, on just terms, order that any party or person provide or permit discovery.

(3) Awarding Expenses. Rule 37(a)(5) applies to the award of expenses.

Fed. R. Civ. P. 26(c).

**2.     Fed. R. Civ. P. 45**

Fed. R. Civ. P. 45(c), which concerns quashing or modifying a subpoena, provides:

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

>    (i) fails to allow a reasonable time to comply;
>    (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person--except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
>    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
>    (iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

> (i) disclosing a trade secret or other confidential research, development, or commercial information;
> (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
> (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
>
> (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
>
> > (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
> > (ii) ensures that the subpoenaed person will be reasonably compensated.

Fed. R. Civ. P. 45(c).

**3.  Mich. Comp. Laws §§ 500.3142 and 500.3159**

Chapter 31 of Michigan's Insurance Code of 1956, §§ 500.3101 - 500.3179, which concerns "Motor Vehicle Personal and Property Protection[,]" contains a statute which concerns "Personal protection benefits, time payable, overdue payments, interest[,]" Mich. Comp. Laws § 500.3142, and which states, in part:

> Personal protection insurance benefits are overdue if not paid within ***30 days*** after an insurer receives ***reasonable proof*** of the fact and of the amount of loss sustained. If ***reasonable proof*** is not supplied as to the entire claim, the amount supported by ***reasonable proof*** is overdue if not paid within ***30 days*** after the proof is received by the insurer. Any part of the remainder of the claim that is later supported by ***reasonable proof*** is overdue if not paid within ***30 days*** after the proof is received by the insurer. For the purpose of calculating the extent to which benefits are overdue, payment shall be treated as made on the date a draft or other valid instrument was placed in the United States mail in a properly addressed, postpaid envelope, or, if not so posted, on the date of delivery.

Mich. Comp. Laws § 500.3142(2) (emphasis added).  Furthermore,

6

> In a dispute regarding an insurer's right to discovery of facts about an injured person's earnings or about his ***history, condition, treatment and dates and costs of treatment***, a court may enter an order for the discovery. The order may be made only on motion for good cause shown and upon notice to all persons having an interest, and shall specify the time, place, manner, ***conditions and scope of the discovery***. A court, in order to protect against annoyance, embarrassment or oppression, as justice requires, may enter an order refusing discovery or ***specifying conditions of discovery and may order payments of costs and expenses of the proceeding, including reasonable fees for the appearance of attorneys at the proceedings***, as justice requires.

Mich. Comp. Laws § 500.3159 ("Discovery") (emphasis added).

**E.     Analysis**

**1.**     Neither the February 5th objections nor the February 8th motion contain a copy of the subpoena, notice of deposition or notice of deposition *duces tecum* mailed to attorney Susan Jesson Thomas of plaintiff's counsel's law firm. Nonetheless, plaintiff makes several arguments challenging these items.

**a.**     First, plaintiff argues that the subpoena was procedurally deficient, because Ms. Thomas "was not personally served with the subpoena[,]" and she "was not provided a witness fee." Doc. Ent. 35 at 12-13. In support of this argument, plaintiff cites Fed. R. Civ. P. 45(b)(1). Defendant responds that "[p]laintiff's allegations of procedural deficiencies of the subpoena are anticipated to be [corrected] by the time of this motion hearing and insufficient grounds to quash the subpoena[.]" Doc. Ent. 38 at 5. At the May 10, 2010 hearing, defense counsel described two attempts to effect service of process upon attorney Thomas.

**b.**     Second, plaintiff argues that the subpoena "requires plaintiff's attorney to produce privileged and other protected matter[.]" Doc. Ent. 35 at 13-14. In support of this argument, plaintiff cites Fed. R. Civ. P. 45(c)(3)(A)(iii). Defendant responds that "[p]laintiff continues to blatantly disregard this honorable court's ruling, that the calendars created by plaintiff and

7

subsequently provided to plaintiff's counsel are [not] protected by the attorney-client privilege[.]" Doc. Ent. 38 at 5-7.

Then, in her February 26, 2010 reply, plaintiff argued that the work-product doctrine protected the requested materials from disclosure. Doc. Ent. 39 at 1, 3, 5.

**c.** Third, plaintiff argues that defendant "has not satisfied the *Shelton [v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986)] criteria for the taking of a deposition of counsel for a party[.]" Doc. Ent. 35 at 15-18.[7] At the conclusion of this argument, plaintiff requests that the Court "enter a protective order pursuant to Fed. R. Civ. P. 26(c)[.]" Doc. Ent. 35 at 17-18.

Defendant responds that its "request for the deposition of attorney Susan Thomas clearly satisfied the 'Shelton Test,' which has previously been adopted by this honorable court[.]" Doc. Ent. 38 at 7-9.

**d.** Fourth, apparently referring to the subpoena *duces tecum* seeking attorney Thomas's deposition, plaintiff argues that the discovery sought by defendant "is not authorized by the

---

[7]In *Shelton*, the Eighth Circuit stated:

> We do not hold that opposing trial counsel is absolutely immune from being deposed. We recognize that circumstances may arise in which the court should order the taking of opposing counsel's deposition. But those circumstances should be limited to where the party seeking to take the deposition has shown that (1) no other means exist to obtain the information than to depose opposing counsel, *see*, *e.g.*, *Fireman's Fund Insurance Co. v. Superior Court*, 140 Cal.Rptr. 677, 679, 72 Cal.App.3d 786 (1977); (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case.

*Shelton*, 805 F.2d at 1327. *See also Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 278 F.3d 621, 628 (6th Cir. 2002) (quoting *Shelton*, 805 F.2d at 1327); *Chesher v. Allen*, 122 Fed.Appx. 184, 186 (6th Cir. 2005) (citing *Nationwide Mut. Ins. Co.*, 278 F.3d at 628); *Pipefitters Local No. 636 Pension Fund v. Towers, Perrin, Forster & Crosby, Inc.*, No. 05-cv-74326, 2007 WL 4357774, 1 (E.D. Mich. Dec. 13, 2007) (Steeh, J.) (quoting *Shelton* and *Nationwide*).

[MNFAIA]." Doc. Ent. 35 at 18-21. Defendants responds that "[p]laintiff's argument that the discovery which Allstate seeks is not authorized by the [MNFAIA], is nonsensical and contrary to the plain language of the Act[.]" Doc. Ent. 38 at 9. Within these arguments, both parties cite Mich. Comp. Laws § 500.3159. Doc. Ent. 35 at 19-20, Doc. Ent. 38 at 9.

**e.** Plaintiffs have agreed to produce the materials mentioned in my December 18, 2009 order subject to a protective order. During the May 10, 2010 hearing, defense counsel argued that a protective order was not warranted in light of my December 18, 2009 overruling plaintiff's blanket objection on the basis of attorney client privilege.

However, I have concluded that it is better to proceed by having plaintiff produce the documents at issue subject to a protective order, after which defendant may continue the deposition of the care giver(s), and that plaintiff must seek leave of Court before proceeding with the deposition of attorney Thomas. This ruling addresses plaintiffs' aforementioned arguments.

**2.** Plaintiff's final argument is that defendant's "subpoena of plaintiff's counsel for documents that are protected by the attorney-client privilege and which are the subject of a pending objection was issued for an improper purpose to harass and annoy Plaintiff's counsel in violation of Rule 11." Doc. Ent. 35 at 21-22. However, plaintiff's motion is denied to the extent she seeks Rule 11 sanctions, because "[a] motion for sanctions must be made *separately* from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2) (emphasis added).

**F.  Order**

Accordingly, plaintiff's motion to quash subpoena, enter protective order and impose sanctions (Doc. Ent. 35) is GRANTED IN PART. Specifically, the motion is GRANTED to the

extent plaintiff seeks an order quashing the subpoena *duces tecum* for the deposition of attorney Susan Thomas; GRANTED to the extent plaintiff requests entry of the proposed protective order (Doc. Ent. 43-3) attached to plaintiffs' March 26, 2010 motion for protective order (Doc. Ent. 43), and DENIED to the extent plaintiff requests the imposition of Fed. R. Civ. P. 11 sanctions. Doc. Ent. 35 at 1, 22.

Furthermore, plaintiff SHALL produce the materials mentioned in my December 18, 2009 order subject to the protective order entered this date.

IT IS SO ORDERED.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

s/Paul J. Komives  
PAUL J. KOMIVES  
UNITED STATES MAGISTRATE JUDGE

Dated:   May 13, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 13, 2010, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry  
Case Manager
