UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LANITA ROBINSON,

                         Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

                         Defendant,

_____/

CASE NO. 2:09-CV-10341
JUDGE JOHN FEIKENS
MAGISTRATE JUDGE PAUL J. KOMIVES

## ORDER DEEMING MOOT PLAINTIFF'S MARCH 26, 2010 MOTION FOR PROTECTIVE ORDER (Doc. Ent. 43) PERTAINING TO DOCUMENTS TO BE PRODUCED PURSUANT TO THE ORDER (Doc. Ent. 40) AFFIRMING MAGISTRATE KOMIVES' ORDER (Doc. Ent. 22) GRANTING DEFENDANT'S MOTION TO COMPEL (Doc. Ent. 17) and PROTECTIVE ORDER

In my December 18, 2009 order granting defendant's December 3, 2009 motion to compel production of calendars and other documents created by plaintiff, I compelled plaintiff to produce any and all calendars and other documents, for the period January 2008 to present, created by Plaintiff that detail the attendant care benefits allegedly provided. My order also provided that this production may be accompanied by a Fed. R. Civ. P. 26(b)(5) privilege log. *See* Doc. Ent. 22 at 5. Judge Feikens has affirmed this order. Doc. Ent. 40.

Currently pending before the Court is plaintiff's March 26, 2010 motion for protective order (Doc. Ent. 43) pertaining to documents to be produced pursuant to Judge Feikens's March 9, 2010 order affirming my December 18, 2009 order granting defendant's December 3, 2009

motion to compel, attached to which is a proposed protective order (Doc. Ent. 43-3). Defendant filed a response on April 9, 2010. Doc. Ent. 45.[1]

At the May 10, 2010 hearing on plaintiff's February 8, 2010 motion to quash subpoena, enter protective order and impose sanctions (Doc. Ent. 35), attorneys Arthur Y. Liss, John A. Dominic, Nicolas A. Vesprini were present. During the hearing, I concluded that plaintiff should produce the materials mentioned in my December 18, 2009 order subject to a protective order. After the hearing, but in the presence of aforementioned counsel, I determined that plaintiff's March 26, 2010 proposed protective order would enter, with some adjustment.

Accordingly, plaintiff's March 26, 2010 motion for protective order (Doc. Ent. 43) is DEEMED MOOT.

FURTHERMORE, IT IS HEREBY ORDERED that Defendant, its attorneys, agents, employees and/or representatives are hereby prohibited from divulging, discussing, releasing, copying or disseminating the calendars and other documents or divulging their existence, to any entity or individual who is not related to this instant cause of action;

IT IS HEREBY FURTHER ORDERED that Defendant, its agents, employees and/or representatives return all of the calendars and other documents produced, and any copies thereof, to counsel for Plaintiff within fourteen (14) days of the conclusion of the instant litigation;

IT IS HEREBY FURTHER ORDERED that violation of this Protective Order will expose Defendant and the violating individual(s) or entities to sanctions imposed by this Court.

---

[1] Defendant's filing consists of an index of exhibits (Doc. Ent. 45), the January 7, 2009 state court complaint (Doc. Ent. 45-2), type-written calendars for January 2008 - May 2009 (Doc. Ent. 45-3), plaintiff's February 16, 2009 Fed. R. Civ. P. 26(a)(1) disclosures (Doc. Ent. 45-4) and an index of exhibits (Doc. Ent. 45-5). However, the courtesy copy submitted to chambers contains a motion and brief (eighteen (18) total pages in length), in lieu of the first index of exhibits.

IT IS HEREBY FURTHER ORDERED that the Court retains jurisdiction over this protective order and that the parties have leave to request relief from the terms of this protective order as the need may arise.

IT IS SO ORDERED.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: May 13, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 13, 2010, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager