UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LANITA ROBINSON, as Guardian of
VANDEN ROBINSON, a Legally
Incapacitated Person,

                                        CASE NO. 2:09-CV-10341
                Plaintiff,              JUDGE JOHN FEIKENS
                                        MAGISTRATE JUDGE PAUL J. KOMIVES
v.

ALLSTATE INSURANCE COMPANY,

                Defendants,
_____/

**REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT (Doc. Ent. 25)**

I.    **RECOMMENDATION**: The Court should deny without prejudice defendant's January

5, 2010 motion for summary judgment (Doc. Ent. 25).

II.   **REPORT**:

A.    **Background**

     This case was originally filed on January 7, 2009 in Oakland County Circuit Court. Doc.

Ent. 1 at 7-12.  Therein, plaintiff alleges that "an actual controversy exists as to the

responsibilities of Defendant ALLSTATE INSURANCE COMPANY to pay No-Fault benefits

to Plaintiff as a result of injuries suffered by Plaintiff [Vanden Robinson] in the automobile

accident of April 15, 1997."  Doc. Ent. 1 at 10 ¶ 10.[1]

_____

     [1]Attached to the complaint are several exhibits (Doc. Ent. 1 at 13-24) and a notice of
compliance with 28 U.S.C. § 1446(d) (Doc. Ent. 1 at 25-26).

Defendant removed the case to this Court on January 29, 2009.  Doc. Ent. 1 at 1-6.  It

filed an answer the same day.  Doc. Ent. 2.[2]

**B.      Defendant's December 3, 2009 Motion to Compel**

On December 3, 2009, defendant filed a motion to compel production of calendars and

other documents created by plaintiff.  Doc. Ent. 17.  On December 18, 2009, I entered an order

granting defendant's motion to compel and setting discovery and dispositive motion deadlines.

Doc. Ent. 22.  On March 9, 2010, Judge Feikens entered an order affirming my order.   Doc. Ent.

40.

On May 13, 2010, I entered an order granting in part plaintiff's February 8, 2010 motion

to quash subpoena, enter protective order and impose sanctions (Doc. Ent. 35).  Doc. Ent. 49.

Among other things, my order stated, "plaintiff SHALL produce the materials mentioned in my

December 18, 2009 order subject to the protective order entered this date."  Doc. Ent. 49 at 10.

Second, I entered an order deeming moot plaintiff's March 26, 2010 motion for protective order

(Doc. Ent. 43).  Doc. Ent. 50.

**C.      Defendant's January 5, 2010 Motion for Summary Judgment**

On January 5, 2010, defendant filed a motion for summary judgment pursuant to Fed. R.

Civ. P. 56(c).  Doc. Ent. 25 at 6.  First, defendant argues, "[p]laintiffs have failed to satisfy their

duty of providing 'reasonable proof' to the insurer that they have 'incurred' expenses in

providing attendant care[.]" Doc. Ent. 25 at 7-14.  Within this argument, defendant asserts that

(A) "[p]laintiff has a duty to provide the insurer with 'reasonable proof' of a specific loss[,]" (B)

"[p]laintiffs have submitted calendars made up by their attorneys as alleged 'reasonable proof,'

---

[2]Judge Feikens has referred this case to me to conduct all pretrial matters.  Doc. Ent. 6.

as opposed to actual calendars kept by the care providers[,]" and (C) "[t]he calendars submitted to Allstate are inaccurate or incomplete with regard to the individual providing care, the nature of the care provided, and the hours of care provided." Second, it argues, "Michigan law is clear that speculative damages are not compensable." Doc. Ent. 25 at 14-15[3].

Plaintiff filed a response on January 26, 2010. Doc. Ent. 31 at 1-9. In her response brief (Doc. Ent. 31 at 10-29), plaintiff initially argues that "Allstate's motion for summary judgment is premature[.]" Doc. Ent. 31 at 12. Furthermore, plaintiff argues:

A.      Allstate has failed to fulfill its duty to pay for reasonable allowable expense benefits including family provided attendant care benefits and its claim that Plaintiff has not provided documents in support of the claim for benefits is both legally and factually inaccurate.

B.      Allstate continues to obfuscate the issue by claiming that the calendars submitted through counsel are "inaccurate" and "incomplete[.]"

C.      Allstate's claim that the tort product liability case *Skinner v. Square D* stands for the proposition that "speculative damages are not compensable" in a no fault case is nothing short of preposterous[.]

Doc. Ent. 31 at 15-26, 26-27, 27-28.[4]

In its February 2, 2010 reply, defendant argues that (A) "[p]laintiff has failed to present any evidence, beyond speculation, as to the number of attendant care hours provided to her son[,]" (B) "[p]laintiff's claim that defendant requires a 'document' to be submitted is

---

[3]Attached to defendant's motion are several exhibits: (A) plaintiff's state court complaint (Doc. Ent. 25-3), (B) attendant care calendars (Doc. Ent. 25-4), (C) plaintiff Lanita Robinson's August 20, 2009 deposition transcript (Doc. Ent. 25-5) and a portion of Stanley Jones's September 24, 2009 deposition transcript (D) (Doc. Ent. 25-6). Doc. Ent. 25-2.

[4]Attached to plaintiff's response are several exhibits: (1) "Documentation submitted to Allstate regarding Attendant Care provided," (Doc. Ent. 31-3), (2) Report of William Bloom, Ph.D., dated April 1, 2008 (Doc. Ent. 31-4), (3) Report of Renee LaPorte, R.N., dated August 6, 2009 (Doc. Ent. 31-5), and (4) Report of Dr. Robert Ancell, dated July 14, 2009 (Doc. Ent. 31-6). Doc. Ent. 31-2 (Index of Exhibits).

erroneous[,]" (C) "Allstate's prior payment for attendant care does not extinguish plaintiff's

burden of providing defendant with reasonable proof of ongoing attendant care[,]" and (D) "[t]he

case law upon which plaintiff relies is inapplicable and distinguishable[.]" Doc. Ent. 33.

**D.      Analysis**

The Court should deny defendant's motion for summary judgment (Doc. Ent. 25) without

prejudice.  In arriving at this conclusion, I am particularly persuaded by defendant's June 9, 2010

reply to plaintiff's response to defendant's motion to adjourn dates (Doc. Ent. 53), as it is the

only document defendant has filed since plaintiff's May 27, 2010 service of the calendars and

since my law clerk's June 3, 2010 electronic mail to counsel for the parties regarding the status

of defendant's January 5, 2010 motion.

First, within defendant's January 5, 2010 motion, defendant alleges that "Plaintiff has

failed to submit reasonable proof in support of her attendant care claims and that Defendant

cannot have refused or denied the claim as Defendant has never known the nature of her

'specific claim.'"  Doc. Ent. 25 at 4 ¶ 15.  Furthermore, defendant's motion brief takes issue with

the calendars submitted (Doc. Ent. 25 at 10-14) and states that "it is only the handwritten

calendars kept by Plaintiff Lanita Robinson that identif[y] the care provider."  Doc. Ent. 25 at 11.

However, in its June 9, 2010 filing, defendant admits to having received calendars on May 27,

2010.  Doc. Ent. 53 at 3.

Second, it is clear that defendant has yet to take the depositions of the caregivers

(plaintiff Lanita Robinson and Stanley Jones) and contemplates filing a motion regarding

plaintiff's production of the calendars with redactions for privilege:

>             Despite the fact that Plaintiff was given a Protective Order, without
> hearing, and despite Plaintiff's unwillingness to adjourn the discovery cutoff of

June 8, 2010, Plaintiff failed to produce said calendars until May 27, 2010 (less than 2 weeks prior to discovery cutoff). (Exhibit A). Plaintiff's delay in production that Plaintiff's late production, in conjunction with his unwillingness to adjourn discovery is made more egregious given that in the interim, Defendant had contacted Plaintiff's counsel on multiple occasions attempting to schedule the depositions of care providers, which dates were not provided by Plaintiff's counsel. Specifically, the date for caregiver, Lanita Robinson, was provided by Plaintiff's counsel to Defense counsel on June 8, 2010 (the date of the discovery cutoff), and is pending on June 24, 2010. However, to date, Plaintiff has failed to provide Defendant with a deposition date of Plaintiff's alternative care provider, Stanley Jones. Further, Plaintiff's conduct is more egregious given that despite multiple rulings by both this Honorable Court and the Honorable John Feikens that no privilege attached to Plaintiff's calendar, Plaintiff has produced the calendars with redactions for privilege (which is the subject of a motion to be filed before this Honorable Court).[5] Plaintiff has continuously blatantly disregarded orders from this Honorable Court, obstructed and delayed discovery (requiring Defendant to file multiple motions), and in the course of so doing has failed to grant Defendant the professional courtesy of adjourning discovery to account for his delays.

Doc. Ent. 53 at 3-4.

Third, it is clear that defendant intends to withdraw, amend or supplement the instant

motion:

As this Honorable Court is aware, the current Scheduling Order provides a Dispositive Motion Deadline date of July 8, 2010. Currently, there is a Motion for Summary Disposition pending by Defendant pertaining to the inadequacy and lack of proofs provided pertaining to attendant care. In his Motion to Adjourn Dates, Defendant also requests a brief adjournment of the Dispositive Motion Deadline, given that the afore referenced outstanding discovery is pertinent to said motion. In the event Defendant is able to conduct said discovery and withdraw the motion, Defendant will do so. In the alternative, Defendant will need to supplement its motion, pending the additional discovery conducted. Without an extension of deadlines, Defendant is severely prejudiced in its ongoing evaluation and defense of this matter.

---

[5]I acknowledge plaintiff's counsel's May 27, 2010 letter by which he allegedly enclosed a "Privilege Log Relating to Documentation Prepared by Lanita Robinson[,]" as well as the documentation. Doc. Ent. 53-3. I note that the Court's previous orders acknowledged that "[t]his production may be accompanied by a Fed. R. Civ. P. 26(b)(5) privilege log." Doc. Ent. 22 at 5, Doc. Ent. 40 at 1-2. *See also* Doc. Ent. 49 at 2-3, Doc. Ent. 50 at 1.

As this Honorable Court will note, in its motion, Defendant requests an adjournment of sixty (60) days in order to complete said discovery and amend and/or withdraw its dispositive motion. In light of the outstanding discovery remaining (the deposition of Lanita Robinson on June 24, 2010; the deposition of Stanley Jones, to be scheduled; a ruling upon Plaintiff's claim of privilege to calendars ordered to be produced 6 months ago; and the potential deposition of Sue Thomas), a brief adjournment of dates is both reasonable and necessary.

Doc. Ent. 53 at 4-5.

Fourth, by an order entered this date, I am granting defendant's May 26, 2010 motion to adjourn dates (Doc. Ent. 51). The order provides that the discovery deadline has been extended up to and including August 8, 2010, and the dispositive motion deadline has been extended up to and including September 8, 2010. Therefore, defendant will not be prejudiced should it wish to renew its dispositive motion.[6]

## III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 147-

---

[6]In arriving at this conclusion, this Court considered the Civil Justice Reform Act of 1990 (CJRA). Title 28 of the United States Code, Chapter 23, §§ 471-482, governs "civil justice expense and delay reduction plans". In part, the Act provides that "[t]here shall be implemented by each United States district court, in accordance with this chapter, a civil justice expense and delay reduction plan. The plan may be a plan developed by such district court or a model plan developed by the Judicial Conference of the United States. The purposes of each plan are to facilitate deliberate adjudication of civil cases on the merits, monitor discovery, improve litigation management, and ensure just, speedy, and inexpensive resolutions of civil disputes." 28 U.S.C. § 471 ("Requirement for a district court civil justice expense and delay reduction plan").

In the Sixth Circuit, CJRA review is performed twice each year, once in March and once in September.

48 (1985), *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231, American Federation of Teachers, AFL-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

      Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


                s/Paul J. Komives
                PAUL J. KOMIVES
                UNITED STATES MAGISTRATE JUDGE


Dated 6/21/10

---

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and  by electronic means or U.S. Mail on June 21, 2010.

                s/Eddrey Butts
                Case Manager

---