UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LANITA ROBINSON,

    Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant.
_____/

Hon. Victoria A. Roberts

Case No. 09-10341

**OPINION AND ORDER ADOPTING THE MAGISTRATE'S
ORDER COMPELLING THE DEPOSITION OF SUSAN THOMAS**

**I.    INTRODUCTION**

This matter is before the Court on Plaintiff's Objections to the Magistrate Judge's Opinion and Order Granting Defendant's Motion to Compel the Deposition of Attorney Susan Jesson Thomas. (Doc. 76). All pretrial matters were referred to Magistrate Judge Paul Komives under 28 U.S.C. § 636(b)(1)(A). On October 15, 2010, the Magistrate held a hearing on Defendant's Motion to Compel (Doc. 62) and directed Defendant to depose attorney Susan Thomas.

Plaintiff objects to the Order as contrary to law because (1) it breaches the attorney-client privilege without citing any extraordinary circumstances; (2) the No-Fault Automobile Insurance Act does not authorize discovery of the information sought by Defendant; (3) it ignores the majority rule discouraging the practice of deposing counsel; and (4) it ignores the principle of attorney-work product.

1

For the reasons stated, the Court **REJECTS** all of Plaintiff's objections and **ADOPTS** the Magistrate's Order.

## II. BACKGROUND

In 1997, Vanden Robinson was involved in an automobile accident that left him legally incapacitated. Plaintiff Lanita Robinson, Vanden's guardian, alleges a controversy exists as to the benefits Defendant Allstate Insurance Co. is responsible for paying. Plaintiff brought this action seeking reimbursement for, *inter alia*, attendant care benefits under the Michigan No-Fault Insurance Act, Mich. Comp. Laws § 500.3102, *et. seq.*

As guardian, Plaintiff either personally cares for Vanden or arranges other care for him. To recover attendant care benefits, the insured must provide the insurer "reasonable proof of the fact and of the amount of loss sustained." Mich. Comp. Laws § 500.3142. Plaintiff keeps written calendars and notebooks to record the number of attendant care hours she and others provide Vanden. Plaintiff sends her attorneys the written calendars, and they create typed calendars that only list the number of attendant care hours provided. Before filing suit, Plaintiff sent Defendant a letter prepared by Susan Thomas, an attorney at Plaintiff's counsel's office, demanding reimbursement for the attendant care provided. (Doc. 1 at 13). The letter included the typed calendars Thomas created. (Doc. 1 at 14-24). After Defendant failed to comply with the letter demands, Plaintiff brought this action.

Plaintiff originally filed suit in Oakland County Circuit Court on January 7, 2009. Defendant removed to this Court, which assigned the case to District Judge John

Feikens. Judge Feikens referred all pretrial matters to Magistrate Judge Paul Komives. On November 24, 2010, the case was reassigned to this Court, which also referred all pretrial matters to Magistrate Judge Komives.

During the first deposition of Plaintiff, which took place on August 20, 2009, Plaintiff's counsel stated the handwritten calendars Plaintiff kept were attorney-client privileged documents. On December 3, 2009, Defendant moved to compel the production of Plaintiff's handwritten calendars, arguing the typed calendars were not reasonable proof. After conducting a hearing, Magistrate Komives issued an Order compelling the production of "any and all calendars and other documents, for the period of January 2008 to present, created by Plaintiff that detail the attendant care benefits allegedly provided." Judge Feikens affirmed this decision.

In response to discrepancies found between the originally submitted typed calendars attorney Thomas created and the handwritten calendars Plaintiff created, the Magistrate Judge allowed Defendant to depose Plaintiff a second time. During this, defense counsel asked Plaintiff if she sent her attorneys any paperwork or documents besides her written calendars. Plaintiff's counsel objected to this question and all others regarding communication between Plaintiff and Thomas, despite the Court's order compelling Plaintiff to produce all documents Plaintiff created detailing the alleged attendant care benefits provided.

On August 6, 2010, Defendant moved to compel the deposition of Susan Thomas to discover non-privileged information underlying the creation of the typed calendars. Magistrate Komives held a hearing October 15, 2010, and on January 5,

2011, he issued an Order granting Defendant's motion. The Order limited the deposition to "questions regarding the communication of facts underlying the creation of the calendars." Plaintiff filed timely objections to the Magistrate's Order, to which Defendant responded. On July 19, 2011, this Court held a hearing on Plaintiff's objections to the Magistrate's Order Compelling the Deposition of Susan Thomas.

### III.  STANDARD OF REVIEW

The Court may not overturn a Magistrate's decision on a pretrial, non-dispositive matter unless it was clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a).  The "clearly erroneous" standard applies to the Magistrate's factual findings, whereas the Court reviews his legal conclusions under the "contrary to law" standard.  *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D.Ohio 1992), *aff'd*, 19 F.3d 1432 (6th Cir. 1994).  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court . . . is left with the definite and firm conviction that a mistake has been committed."  *United States v. United States Gypsum Co.*, 330 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948).  If more than one permissible view of the evidence exists, the Magistrate's decision cannot be clearly erroneous.  *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573-74, 105 S.Ct.1504, 84 L.Ed.2d 518 (1985).  "A legal conclusion is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure."  *Watson v. State Farm Mut. Auto. Ins. Co.*, No. 09-12573, 2010 WL 2287148, at *5 (E.D.Mich. June 4, 2010) (citations omitted).  The "contrary to law" standard requires the Court to use independent judgment when reviewing legal conclusions.  *Gandee*, 785 F.Supp. at 686.  Whether the

4

discovery sought by Defendant is privileged is a mixed question of law and fact, subject to de novo review. *Ross v. City of Memphis*, 423 F.3d 596, 600 (6th Cir. 2005) (citation omitted).

## IV. APPLICABLE LAW AND ANALYSIS

### A. Objection 1

Plaintiff's first objection is the Opinion and Order breaches the attorney-client privilege without citing any extraordinary circumstances. In a diversity case, the Court must apply state law to resolve an attorney-client privilege claim. Fed.R.Evid. 501; *In re Powerhouse Licensing, LLC*, 441 F.3d 467, 472 (6th Cir. 2006) (citations omitted). Plaintiff cites to a footnote in *Leibel v. Gen. Motors Corp.*, 250 Mich.App. 229, 241, 646 N.W.2d 179 (2002), which describes the attorney-client privilege as one of the "most fundamental of all legal relationships," and states that it should only be breached under "extraordinary circumstances." However, the attorney-client privilege is not absolute; "[t]he scope of the attorney-client privilege is narrow, attaching only to confidential communications by the client to [her] attorney made for the purpose of obtaining legal advice." *Reed Dairy Farm v. Consumers Power Co.*, 227 Mich.App. 614, 618-19, 576 N.W.2d 709 (1998) (citation omitted). Furthermore, the attorney-client privilege only protects communications a plaintiff makes to its attorney; it does not protect relevant facts underlying the communications. *Upjohn Co. v. United States*, 449 U.S. 383, 395, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981). The privilege does not permit concealing relevant facts just because the client communicated them to the attorney. *Id.* at 396 (citation omitted).

5

Plaintiff argues the attorney-client privilege applies to all communications made between a client and the client's attorney. She contends if the privilege does not protect all communications, clients would not be candid with their attorney, and thus, attorneys would not be able to provide proper legal advice. Defendant argues the privilege only protects communications, not the facts underlying them. Defendant also states the underlying facts of the calendars are essential to its case, as they are Plaintiff's alleged reasonable proof of the attendant care provided.

Plaintiff brought this suit to recover benefits illustrated on Plaintiff's typed calendars. The typed calendars show nothing other than the number of hours. After successfully moving to compel the discovery of Plaintiff's handwritten calendars, Defendant showed a number of discrepancies exist between the handwritten and typed calendars. During oral argument, Plaintiff argued it is not reasonable for Defendant to want to discover why the discrepancies exist because Defendant had the opportunity to depose Plaintiff, and there are only slight variations between the calendars. In response, Defendant said Plaintiff's counsel objected to questions concerning documents besides the written calendars that Plaintiff provided her attorneys. Defendant said Plaintiff's counsel objected to questions that could explain the discrepancies between the calendars. Defendant also asserted the discrepancies call into question the credibility of the claim.

The typed calendars are what triggered Plaintiff's claim. How Susan Thomas created them is central to this case. Whether the typed calendars constitute reasonable proof is an important question. In its motion for partial summary judgment, Plaintiff says

6

it is entitled to penalty interest because Defendant was more than 30 days late paying. Under Mich. Comp. Laws § 500.3142, an insured is entitled to 12% penalty interest if it provides the insurer reasonable proof of the fact and amount of loss, and the insurer is over 30 days late paying. Because Plaintiff made the typed calendars essential to this case, a finder of fact will have to determine if they constituted reasonable proof. The inconsistency between the typed and handwritten calendars raises the question of how Thomas created the typed calendars. Accordingly, the facts of how Thomas created the typed calendars are relevant.

Both parties agree facts such as who provided the attendant care, what type of care they provided, when they provided it, and how much care they provided are not privileged. Additionally, the Court has already compelled Plaintiff to produce all documents concerning the alleged attendant care provided. However, Plaintiff's counsel objected to questions concerning information Plaintiff gave to Thomas that could clarify the discrepancies between the typed and handwritten calendars. Plaintiff argues those questions are objectionable because Defendant would have to break through the attorney-client privilege and ask Thomas.

Plaintiff's argument fails. The information Defendant is trying to discover is relevant and not privileged. The attorney-client privilege does not protect relevant facts just because Plaintiff communicated them to her attorney. *See Upjohn*, 449 U.S. at 396, 101 S.Ct. 677, 66 L.Ed.2d 584. Therefore, the attorney-client privilege does not protect the information. The Magistrate's ruling that the attorney-client privilege does

not protect the communication of facts underlying the creation of the calendars is not contrary to law or clearly erroneous.

### B. Objection 2

Plaintiff's second objection is the No-Fault Automobile Insurance Act does not authorize discovery of the information sought by Defendant. The Court applies federal procedural law, provided that the federal rule does not "abridge, enlarge or modify any substantive right." 28 U.S.C. § 2072(b); *Erie R.R. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). The Michigan No-Fault Act has a relevant provision defining the scope of discovery. *See* Mich. Comp. Laws § 500.3159. The issue is whether applying Fed.R.Civ.P. 26 would abridge, enlarge or modify any substantive right.

This district has no binding authority on whether Mich. Comp. Laws § 500.3159 is substantive or procedural. *Compare Durmishi v. Nat'l Cas. Co.*, 720 F.Supp.2d 862, 877 (E.D.Mich 2010) (holding the state statute prescribes a rule of procedure and nothing more), *with Watson*, No. 09-12573, 2010 WL 2287148, at *5 (holding "the discovery provisions of the act are substantive, not procedural"). However, since the communication of facts underlying the creation of the calendars is discoverable under both federal and state law, an analysis of whether Mich. Comp. Laws § 500.3159 is substantive is unnecessary.

### i. State Law Authorizes the Discovery of the Information Sought By Defendant.

Plaintiff contends Defendant failed to show it was necessary to depose Thomas, and therefore, the Magistrate's Order compelling the deposition was erroneous. Plaintiff

argues her handwritten calendars and her deposition testimony give Defendant the reasonable proof needed to determine the amount of attendant care she provided. Plaintiff continues by arguing Defendant's attempt to discover the communication of facts underlying the creation of the calendars is harassment, annoyance, and an unprofessional attack on her attorney's firm.

Defendant argues the facts underlying the creation of the calendars are essential to the case because they are Plaintiff's alleged reasonable proof of attendant care. Defendant also says that because Plaintiff's counsel objected to questions regarding communications between Plaintiff and Thomas during the deposition of Plaintiff, it has no other means to obtain the facts underlying the creation of the typed calendars than to depose Thomas.

Defendant moved to compel the deposition of Susan Thomas to discover nonprivileged information underlying the creation of the calendars submitted to them. Under Mich. Comp. Laws § 500.3159, a court may compel the discovery of facts about an injured person's treatment, including dates and costs, on motion for good cause shown. A trial court may only limit discovery to protect "against annoyance, embarrassment, or oppression, as justice requires." *See Muci v. State Farm Mut. Auto. Ins. Co.*, 478 Mich. 178, 193, 732 N.W.2d 88 (2007). Defendant has met its burden to show good cause for deposing Thomas to discover the facts underlying the calendars' creation. The discrepancies between the handwritten and typed calendars make the communication of facts between Plaintiff and Thomas underlying the creation of the typed calendars relevant. Further, discovery of them would not annoy, embarrass, or

oppress Plaintiff. Therefore, the Michigan No-Fault Insurance Act authorizes the discovery Defendant seeks.

> **ii. Federal Law Authorizes the Discovery of the Information Sought By Defendant.**

The scope of discovery under Fed.R.Civ.P 26(b)(1) is broad; any "nonprivileged matter that is relevant to any party's claim or defense" is discoverable. *Marsico v. Sears Holding Corp.*, 370 Fed.Appx. 658, 664 (6th Cir. 2010) (citations omitted). Michigan's No-Fault Act requires the insured provide "reasonable proof of the fact and of the amount of loss sustained." Mich. Comp. Laws § 500.3142. Since Plaintiff is attempting to recover for the hours the typed calendars show, the communication of facts underlying the creation of those calendars is relevant to the claim and defense. If the information in the typed calendars conformed to the information in Plaintiff's handwritten calendars, no issue regarding the creation of the typed calendars would exist. However, since the discrepancies do exist, the communication of facts underlying the creation of the typed calendars is relevant to the case, and therefore, discoverable.

The communication of facts underlying the creation of Plaintiff's calendars is discoverable under both the Michigan No-Fault Insurance Act and Fed.R.Civ.P. 26(b)(1). Accordingly, the Magistrate's Order is not clearly erroneous or contrary to law.

## C. Objection 3

Plaintiff's third objection is the Opinion ignores the majority rule discouraging the practice of deposing counsel. Plaintiff contends the Magistrate's Order is erroneous because Defendant did not adequately show the need to depose attorney Susan Thomas under *Shelton v. Am. Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986). This Court

adopted the *Shelton* Test as a more stringent standard required to depose opposing litigation counsel. *See Nationwide Mut. Ins. Co. v. The Home Ins. Co.*, 278 F.3d 621, 628 (6th Cir. 2002). Opposing counsel is not immune from being deposed; however, to depose opposing counsel, a party must show that "(1) no other means exist to obtain the information than to depose the opposing counsel;" "(2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Shelton*, 805 F.2d at 1327.

Defendant tried to discover how Susan Thomas created the documents during Plaintiff's deposition, but Plaintiff's counsel objected. Plaintiff's assertion that Defendant can obtain the information by reviewing the handwritten documents and Plaintiff's deposition testimony is incorrect. Defendant has no other means to discover the communication of facts underlying the creation of the calendars than to depose Thomas.

Since Defendant wants to depose Thomas to discover the facts underlying the creation of the typed calendars, the information Defendant is trying to obtain is not privileged. *See Upjohn Co.*, 449 U.S. 383, 395, 101 S.Ct. 677, 66 L.Ed.2d 584. Plaintiff bases its claim on the typed calendars, making them central to this case. Therefore, they are relevant.

Plaintiff brought this suit to recover for attendant care benefits. Plaintiff argues, and the Court agrees, that the issue is the value of the attendant care benefits. However, that value ultimately depends on the amount of attendant care hours Plaintiff provided. The information Defendant seeks through the deposition of Thomas concerns

the reasonable proof of the attendant care hours provided; consequently, it concerns the value of the attendant care benefits. Accordingly, the communication of facts underlying the creation of the calendars is crucial to the preparation of this case.

Defendant's motion to compel the deposition of Susan Thomas satisfies the *Shelton* test. The Magistrate did not ignore the majority rule discouraging the deposition of attorneys; therefore, his Order is not clearly erroneous or contrary to law.

### D. Objection 4

Plaintiff's fourth objection is the Opinion ignores the principles of attorney work-product established in *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). The Court uses federal law to resolve a work-product claim. *In re Powerhouse Licensing, LLC*, 441 F.3d at 472. Because the process of compiling and selecting documents involves mental selections reflecting legal theories and strategy, the attorney work-product privilege protects it. *See Shelton*, 805 F.2d at 1329 (citation omitted). However, the privilege does not protect all materials obtained or assembled in preparation of litigation; relevant, nonprivileged facts essential to a party's case are discoverable where a party shows an adequate reason. *Hickman*, 329 U.S. at 511-12, 67 S.Ct. 385, 91 L.Ed. 451. Additionally, if a person voluntarily discloses private communications to a third party, she waives her work-product privilege. *New Phx. Sunrise Corp. v. Comm'r of Internal Rev.*, 408 Fed.Appx. 908, 918 (6th Cir. 2010) (citations omitted).

Defendant seeks to depose Thomas to discover the nonprivileged communication of facts underlying the creation of the calendars. The Court has shown

that the underlying facts are relevant and nonprivileged. The Court finds Defendant established an adequate reason to justify the discovery of facts underlying the creation of the calendars.

In addition, Plaintiff waived any work-product protection applicable to the calendars by attaching them to the pre-litigation letter. Therefore, the work-product privilege does not protect against questions directed to Susan Thomas concerning the creation of the calendars. The Magistrate's Order was not clearly erroneous or contrary to law.

## V. CONCLUSION

The Court **ADOPTS** the Magistrate's January 5, 2011 Order granting Defendant's motion to compel the deposition of Susan Thomas, subject to Defendant submitting a list of questions it proposes to ask Susan Thomas. The questions must be submitted to the Court at least two weeks before the scheduled deposition. Plaintiff has one week to object in writing.

**IT IS ORDERED.**

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: July 26, 2011